NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3204

NELS T. BECK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Nels T. Beck, of Aplington, Iowa, pro se.

Michelle Windmueller, Appellate Counsel, Office of the General Counsel, United States Postal Service, of Washington, DC, for respondent. With her on the brief were Lori J. Dym, Chief Counsel; and Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, United States Department of Justice, of Washington, DC. Of counsel was Amanda L. Tantum, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3204

NELS T. BECK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in
CH0752070525-I-1

_____

DECIDED:  September 9, 2008

_____

Before RADER, CLEVENGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Nels T. Beck seeks review of the final decision of the Merit Systems Protection

Board ("Board") sustaining the decision of the United States Postal Service ("agency")

to remove him from his position of Rural Carrier at the agency's Waterloo, Iowa facility.

<u>Beck v. U.S. Postal Service</u>, No. CH0752070525-I-1 (January 24, 2008).  We <u>affirm</u>.

I

Mr. Beck was involved in an automobile accident on February 12, 2007, while

delivering mail on his rural route.  Mr. Beck ran a stop sign and hit a vehicle driving

through the intersection. The driver of the other vehicle was thrown from it, and the passenger had to be pried out by the fire department. Mr. Beck was injured.

The agency proposed his removal as a result of his negligent driving which resulted in the accident. Mr. Beck did not contest the fact that he had caused the accident. He argued for mitigation of the penalty to something less than removal. The agency's deciding official considered the Douglas factors in assessing Mr. Beck's request for mitigation. The deciding official rejected Mr. Beck's argument that he was not to blame for the accident, due to his driving a substitute vehicle with which he was not familiar, and the light conditions which he asserted kept him from recognizing the ice upon which he was driving. Because the offense was serious, and because Mr. Beck had previously been disciplined for unsafe driving, the agency determined that removal was the appropriate penalty. No lesser penalty would be proper, as there was no indication that some other sanction would deter such unsafe acts in the future.

II

Mr. Beck appealed his removal to the Board. The administrative judge assigned to his case held a hearing at which Mr. Beck and the deciding official testified.

Mr. Beck did not deny that he failed to observe safe driving practices. He repeated his reasons for a lesser penalty. The administrative judge found convincing the testimony of the deciding official that Mr. Beck posed a distinct liability to the agency, and was not a good candidate for rehabilitation. The administrative judge reviewed the deciding official's assessment of the Douglas factors and concluded that the agency had demonstrated that removal was appropriate.

Mr. Beck sought review of the administrative judge's initial decision by the full Board. The full Board declined his petition for review, and Mr. Beck timely sought review in this court.

III

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise unlawful. 5 U.S.C. § 7703(c). When the final decision of the Board rests on findings of fact, we review those findings for substantial evidence.

In this case, there is no dispute as to the facts. Mr. Beck repeats his contention that removal was an excessive penalty, and he argues that his previous discipline for unsafe driving should not be considered in assessing the penalty for the February 2007 collision because that discipline was under grievance procedures when the deciding official proposed his removal.

On the propriety of the removal penalty, the issue boils down to whether the deciding official's assessment of the Douglas factors amounts to reversible error. We perceive no error in the agency's decision to remove Mr. Beck. Furthermore, we find no error in the agency's reference to his earlier unsafe driving event. The Supreme Court has ruled that when considering the appropriate penalty for an offense, an agency may refer to other previous disciplined offenses even though they are under grievance when the agency is considering the appropriate penalty. Gregory v. U.S. Postal Serv., 534 U.S. 1 (2001).

Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise unlawful, we affirm.

COSTS

No costs.